NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

TROY SWINT, :

                Petitioner, :        Civil Action No. 12-3753 (SRC)

                v. :

BEVERLY HASTINGS, et al., :        **OPINION AND ORDER**

                Respondents. :
_____

**CHESLER**, District Judge

      Petitioner was sentenced by the Superior Court of New Jersey, Law Division, in the late 1990s, for his role in a violent kidnapping. He appealed his conviction and, on February 15, 2000, his conviction was affirmed, but the sentence was vacated and the matter was remanded for resentencing. See State v. Swint, 328 N.J. Super. 236 (N.J. Super. Ct. App. Div.), certif. denied, 165 N.J. 492 (2000). A remark made by the Appellate Division in subsequent proceedings indicates that Petitioner was resentenced on December 3, 2000. State v. Smith, 2008 N.J. Super. Unpub. LEXIS 495, at *1 (N.J. Super. Ct. App. Div. Dec. 8, 2008). Thereafter, on February 23, 2002, Petitioner filed a post-conviction relief ("PCR") application in state court. See ECF No. 11, at 5. It was denied by the Law Division, and the Appellate Division affirmed. See State v. Swint, 2008 N.J. Super. Unpub. LEXIS 1080 (N.J. Super. Ct. App. Div. July 30, 2008). His application for certification was denied by the Supreme Court of New Jersey on

November 14, 2008.  See State v. Swint, 197 N.J. 14 (2008).  Petitioner then filed a second PCR application.  That application was denied by the Law Division, and the Appellate Division affirmed on July 25, 2013. See State v. Swint, 2013 N.J. Super. Unpub. LEXIS 1870 (N.J. Super. Ct. App. Div. July 25, 2013).

The instant Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed on June 19, 2012, while Petitioner's appeal of his second PCR application was still pending before the Appellate Division.  Respondents argue, among other things, that Petitioner's § 2254 Petition is untimely because it was filed more than one year after the judgment became final.  28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999).  Respondents contend that the challenged judgment became final on October 28, 2000, the expiration date for filing an application for writ of certiorari to the Supreme Court following the New Jersey Supreme Court's denial of certification on Petitioner's direct appeal of his conviction. As such, they take the position that the last date on which Petitioner could have filed a timely federal habeas petition was on or about October 28, 2001.  Respondents acknowledge that the one-year limitations period may be tolled for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However, they argue that statutory tolling does not salvage this Petition because both the first and second PCR applications filed by Petitioner were filed after the limitations period applicable to § 2254 petitions had expired.

On the record before the Court, Respondents' demonstration of untimeliness is deficient for two main reasons.  First, it is based on an incorrect determination of the finality of the challenged sentence.  Though Petitioner proceeded to apply to the New Jersey Supreme Court for certification on his direct appeal of the initially imposed sentence, and the application was denied, Respondents erroneously follow this timeline to assert that the judgment became final on October 28, 2000.  The judgment initially imposed by the trial court, however, had been vacated by the Appellate Division, which remanded the action for resentencing.  Petitioner was not resentenced until, it appears, December 3, 2000.  It is the judgment imposed at resentencing which is at issue in Petitioner's collateral attack.  Second, Respondents have not provided this Court with a copy of the judgment of conviction entered upon remand to the trial court.  Apparently, Petitioner did not appeal that judgment, and thus the challenged judgment would have become final 45 days after the resentencing date.  See N.J. Ct. R. 2:4-1(a) (providing that the time for filing a notice of appeal is 45 days).  Statutory tolling pursuant to § 2244 may very well not apply if Petitioner's first PCR application, filed February 23, 2002, was filed over one year after Petitioner's judgment became final.  The Court, however, cannot make that determination without evidence of the judgment of conviction entered upon resentencing.

Because the untimeliness of the instant Petition may obviate the need to address other matters raised in the Petition and in Respondent's Answer, the Court will entertain supplemental submissions from the parties to clarify this issue.  Respondents are specifically directed to submit evidence of the judgment of conviction entered upon Petitioner's resentencing, and the Court will accept a supplemental brief of no more than five pages on the discrete issue of the limitations period. Such submission must be filed with the Court and served on Petitioner no later than 30 days from the date of this Order.  Petitioner will be given the opportunity to

3

respond, in a written submission of no more than five pages, limited to the issue of the timeliness of the instant § 2254 Petition and any statutory and/or equitable tolling thereof in light of the two state PCR applications filed by Petitioner. This submission must be mailed to the Court and to Respondents no later than 30 days from the date of service of Respondents' supplemental briefing.

    **SO ORDERED**.

                                                s/Stanley R. Chesler
                                                STANLEY R. CHESLER
                                                United States District Judge